UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DANIEL WALKER,

    Plaintiff,

v.

PRIME COMMUNICATIONS LP,

    Defendants.

Case No. 4:20-CV-01875-CLM

## MEMORANDUM OPINION

Plaintiff Daniel Walker sues his former employer, Prime Communications LP, for discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). Prime now moves for summary judgment on all counts. Doc. 9.

Prime originally moved to dismiss, but the court converted that motion to one for summary judgment, finding that limited evidence about the date that Walker received notice of the EEOC's termination of his claim could be dispositive. As detailed within, the evidence shows that Walker had notice of the EEOC's decision in July 2020, which means that the complaint that Walker filed in November 2020 is untimely. So the court will **GRANT** Prime's motion (doc. 9) and **DISMISS** this case with prejudice.

## STATEMENT OF THE FACTS

Walker filed an EEOC charge in December 2019, claiming that Prime had discriminated against him based on his sexual orientation and anxiety disorder in violation of Title VII and the ADA. About seven months later, on July 6, 2020, Walker emailed the EEOC to request a Notice of Right to Sue ("RTS") letter. The EEOC responded the next day (July 7th) by emailing the RTS letter to both Prime's in-house counsel and Walker's attorney, Eric Artrip. The parties dispute when Walker first saw this email and the attached RTS letter.

Prime argues that Artrip received the letter on July 7, 2020. In support, Prime has submitted the July 7th email from the EEOC that contained the RTS letter. Doc. 9, Ex. 1, 2. The email shows the EEOC sent the RTS to Attorney Artrip's correct email address—the same one he is using in this case. Doc. 9, Ex. 1.

Walker says that Artrip didn't receive the July 7th email from the EEOC. So Artrip emailed the EEOC again in October 2020 to request the RTS but received no response. So Artrip sent a third email on November 13, 2020, at which point the EEOC responded that they had issued and emailed the RTS on July 7. The EEOC included the original RTS letter. Walker claims this is when he first received the RTS letter (*i.e.* November 13, 2020), and he promptly filed the complaint on November 24, 2020. Doc. 11. Walker has submitted affidavits that support this account, plus an affidavit from Artrip's paralegal that says in July 2020, the EEOC

had moved to 100% remote work and was not sending physical letters as it had in the past. Doc. 16-2.

## STANDARD OF REVIEW

Summary judgment is appropriate only when the moving party shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it is one that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In turn, to avoid summary judgment, the nonmoving party must go beyond mere allegations to offer specific facts creating a genuine issue for trial. *Id*. at 324. Moreover, all evidence must be viewed and inferences drawn in the light most favorable to the nonmoving party. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir.2005). When no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## ANALYSIS

### I. Applicable Law

Both Title VII and the ADA require plaintiffs bringing suit under these acts to do so within 90 days of notification that the EEOC has concluded its investigation. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a); *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000). The plaintiff bears the initial burden of proving that he

filed the complaint within this 90-day period. *Green v. Union Foundry Company*, 281 F.3d 1229, 1233-34 (11th Cir. 2002). Further, instead of a bright-line rule, the Eleventh Circuit employs a "case-by-case" approach to assess notice and receipt that requires plaintiffs to assume "some minimum responsibility," without conditioning the right to sue on "events beyond [the plaintiff's] control." *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999) (citing *Franks v. Bowman Transp. Co.*, 495 F.2d 398, 404 (5th Cir. 1974)). This approach avoids creating "a 'manipulable open-ended time extension' which could render the statutory minimum meaningless." *Kerr*, 427 F.3d at 952 (citing *Zillyette*, 179 F.3d at 1340). Generally, a plaintiff's request of an RTS letter 180 days after filing the charge suffices to give him adequate notice and start the clock. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 954 (11th Cir. 2005).

Most cases addressing receipt of notice involve scenarios in which the EEOC mailed a physical copy of the RTS letter to the plaintiff's address, but the plaintiff did not receive it for some reason. *Kerr*, 427 F.3d at 952-53. But this case is different. The EEOC had instituted a freeze on mailing hard copies of RTS letters because of the COVID-19 pandemic, so Walker requested the EEOC send him a copy of the RTS by email. By then (July 6), more than 180 days had passed since Walker submitted the Charge of Discrimination. Doc. 16-2. The next day, the EEOC sent an email containing the RTS to both Artrip and Prime's in-house counsel. Doc. 9, Ex.

1. Yet Artrip claims the email never reached his inbox. The question, then, is whether the three affidavits from Walker and Artrip's office attesting to having never received the RTS suffices to create a genuine issue of fact on the issue. They do not.

**II.    Application to Walker's Claim**

Walker's affidavits attest that Artrip first received the RTS letter on November 13, 129 days after the EEOC's first email. By itself, Walker's position that his attorney didn't receive the July 7th email and RTS letter on July 7th seems suspect. The EEOC definitely sent the email, as Prime's counsel received it. And the EEOC sent the letter to the same email address that Artrip has used for this proceeding and included on the bottom of his affidavit.

But the court needn't judge the parties' credibility because Walker has a bigger problem—*i.e.*, he waited nearly four months before reaching back out to the EEOC to check the status of his RTS request. As stated, the Eleventh Circuit imposes "some minimum responsibility" on employment discrimination plaintiffs to ensure that their disputes are timely resolved. *Zillyette*, 179 F.3d at 1340.

The Eleventh Circuit's holding in *Kerr* best shows this principle. There, the plaintiffs requested RTS letters on January 3, 2003 but claimed not to have received the letters until mid-February. *Kerr*, 427 F.3d at 953. The Court held that, because the plaintiffs made no effort to inquire as to the late or missing letters in the interim, it had to assume the EEOC sent the letters on January 9, consistent with EEOC office

procedures. *Id.* The 90-day period would then have begun on January 12, three days later. *Id*. at 953 n.9 ("When the date of receipt is in dispute, this court has applied a presumption of three days for receipt by mail, akin to the time period established in Fed.R.Civ.P. 6(e).") (citing *Zillyette*, 179 F.3d at 1342). The Court ultimately concluded that generally, a plaintiff's "request for" (not "receipt of") an RTS letter evidences "actual knowledge…that the EEOC has terminated its investigation" of the claim. *Id.* at 954. The *Kerr* plaintiffs' ***request***—not their receipt—triggered the 90-day period for filing the claim. So the Circuit Court held that their claims were untimely. *Id.*

Here, neither party disputes that Walker followed up with the EEOC for the first time on October 30, 2020—*i.e.* 116 days after he requested the RTS letter. Docs. 16-2, 19. So even if Walker did not receive the emailed letter on July 7, Walker knew it was forthcoming because he requested it. And he knew that his case had been pending more than 180 days. Yet he made no inquiry about the letter in a reasonable time. Walker's statement that he wanted to "give the EEOC grace" does not relieve him of his duty to work toward a timely resolution of his claim. Doc. 16-2, p. 4. Finally, none of the evidence Walker presents (including the three affidavits) suggests that the pandemic affected the letter's delivery or offers any sound reason why he should have waited so long to inquire as to the letter's whereabouts.

Consistent with *Kerr*, the 90-day period for filing the complaint began on July 10, 2020—*i.e.*, one day after Walker requested the RTS letter plus three days for shipping.[1] That would make the end of the limitations period October 8—*i.e.* 22 days before Walker sent his first follow-up email and 47 days before he filed his complaint.

Like the plaintiff in *Kerr*, Walker "failed to assume the minimal responsibility or to put forth the minimal effort necessary" to resolve his claim. *Id.* at 953. So the court must dismiss Walker's case as untimely. To hold otherwise would allow the "manipulable open-ended time extension" that the Eleventh Circuit warned against. *Kerr*, 427 F.3d at 952.

## CONCLUSION

For the reasons stated above, the court will **GRANT** Prime's motion for summary judgment (doc. 9) and **DISMISS with prejudice** Walker's complaint. The court will enter a separate order carrying out this finding.

**DONE** and **ORDERED** on July 26, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

---

[1] While the principle behind the Eleventh Circuit's three-day rule for postal mail may not apply to the near immediate delivery of electronic mail, the court applies it as binding precedent.